## LYON v. GOREE.

1. An officer in the execution of process, issued on a judgment in trover, which commands him to demand, and take from the possession of the defendant certain property therein specified, has no authority to take such property from the possession of a third person, and if he does so, can claim no protection under the process.

2. If an officer in the execution of process, goes beyond its mandate, and takes property from the possession of a stranger, he can only defend himself by shewing a better title in himself, or in him for whom he acts.

Error to the Circuit Court of Perry. Before the Hon. George Goldthwaite.

THIS was an action of detinue, by defendant against plaintiff in error, to recover a negro man by the name of Charles. At the trial, a bill of exceptions was sealed, by which the following facts are disclosed. After the defendant in error had introduced proof tending to show a purchase by him of the slave at a sheriff's sale, under execution, against one Townes et als.; and possession thereunder, and also property in said Townes, at the time of the levy and sale, &c., the plaintiff in error proved that he was the deputy marshall of the United States for the Middle District of Alabama, and as such took the slave by virtue of a writ of execution issued by the clerk of the District Court for said district, in favor of one Austin against James C. Harrell, by which execution he was directed to demand of, and take from the possession of James C. Harrell, the slave Charles, and if the said slave could not

be had, then he was further commanded to make the sum of eight hundred dollars, the value of the slave, from the goods and chattels, lands and tenements of the defendant, &c., as theretofore adjudged in an action of trover, brought in said court by said Austin, against said Harrell; and that in obedience to said writ he demanded the slave of Harrell, who informed him that he had given him up to the defendant in error, and had no more to do with him: that he then found the slave in possession of defendant in error, and took him under said writ. Other evidence was offered by defendant in error, conducing to show, that Harrell never had any property in the slave. The defendant below asked the court to charge the jury, that if they believed that he had the said writ of execution in his hands, and found the slave in possession of Goree, and took him into his custody under said writ, he is not liable, in this case, to the action of the plaintiff; which the court refused to give. Whereupon the defendant below excepted, and now assigns it as error.

Peck, for the plaintiff.

1. By the judgment in the district court, the plaintiff in that court, recovered the slave, if to be had, but if the slave could not be had, then the value assessed by the jury.

2. The execution issued on this judgment, commanded the marshall to demand of, and take from, the defendant in that csse, in his district, the said slave, and have him before said court at the next term thereof, to be rendered to said plaintiff, &c.

3. This writ substantially commanded the marshall to take the said slave, if to be found in his district, and, when taken, he was, in contemplation of law, in the custody of the said court, by its officer, the marshall, that is, the slave was, in truth, in the custody of the law.

4. This being true, the defendant in this court, Goree, could not lawfully take the said slave out of the custody of the marshall, either by his own act, or by means of the process of a court of another and different jurisdiction; because, the slave could not be subject to two independent jurisdictions at the same time; for, the law will not authorize or per-

mit a conflict between different and independent jurisdictions.
Hagan v. Lucas, 10 Peters' Rep. 400 ; Rives & Owen v.
Welborne, 6 Ala. 45.

GRAHAM and GARROTT, for defendant,

The defendant relies upon the principle decided in 9 Ala.
162, and cases there referred to,

The process in the hands of the marshal did not authorize
him to take the property of Goree.

Goree was not bound by the judgment upon which said
process issued, being no party to that suit,

He could not enjoin in chancery, he could not compel the
marshal to take a bond for the trial of the right of property;
his only remedy was a suit against Lyon in trespass, trover or
detinue.

DARGAN, J.—If an officer, in the execution of process,
obeys strictly the mandate of the writ, he discharges his du-
ty, and it would be intolerable, that he should be considered
a trespasser, or made liable to others, for obeying the man-
date of the law.   Courts, therefore, uniformly protect their
officers so long as they act within the line of their duty, but
no further.   When they assume to do what the process in
their hands does not command, they act upon their own re-
sponsibility, and must be held responsible for their acts. Ap-
plying these general principles to the record before us, we
can find no error.

The execution under which the plaintiff in error contends
he was protected, directed him, to demand of and take from
the possession of James Harrell, a certain negro man slave
named Charles, of the value of eight hundred dollars ; and
if said slave could not be had, then of the goods and chattels,
lands and tenements of the said James Harrell, he make said
sum of eight hundred dollars, the value of said slave, &c.
Having this process in his hands, he demanded of Harrell,
the slave, but he could not be had, because he was not in
his possession.   The plaintiff afterwards found the slave in
the possession of Goree, the defendant in error, and took pos-
session of him, claiming to act under the authority of this
writ.

If we were to hold that the defendant in error could not maintain this action, notwithstanding he may have a perfect title to the slave, we would hold that an officer should be protected, although he disregards the mandate of the law, and commits a trespass on others.

It is not denied by the plaintiff's counsel, that trespass, trover, or detinue, will lie against a sheriff, if he levy an execution issued against one, on the goods of another. But it is contended, that the execution, under which the marshall acted, is in the nature of process in *rem*, and gave him the right, and even made it his duty, to seize the slave, without regard to the title or right of him in whose possession he was found. This is not, in our opinion, the character of the process under which the marshall acted. It was an execution issued on a judgment, in detinue, in favor of the plaintiff in the execution, against Harrell, for the slave, or his alternate value. This judgment could not affect the right of one who was neither a party nor privy to it, and consequently, the execution issued upon it, could not impair the right of a stranger to the record.

The marshall not being commanded to take the slave from Goree's possession, he derived no authority from the writ to do it, and can claim no protection from it. He could therefore defend himself only, by showing a better title in himself, or in those for whom he acted.

Let the judgment be affirmed.